UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVA MCKINLEY                                                                                           PLAINTIFF

V.                                                                         CIVIL ACTION NO.: 3:15CV50-DPJ-FKB

TONY YARBER, IN HIS OFFICIAL CAPACITY
AS MAYOR OF THE CITY OF JACKSON; THE CITY
OF JACKSON, MISSISSIPPI; THE CITY OF JACKSON
POLICE DEPARTMENT; JOHNNY BURSE,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
AND JOHN DOES 1-6                                                                                      DEFENDANTS

ORDER

This § 1983 action is before the Court on the motion of Defendants Tony T. Yarber, in his official capacity as the Mayor of the City of Jackson; the City of Jackson Police Department; the City of Jackson, Mississippi; and Johnny Burse, in his official capacity ("City of Jackson Defendants") for partial dismissal [9] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Marva McKinley has responded in opposition and alternatively seeks leave to file an Amended Complaint. Pl.'s Resp. [12] at 4. The Court, having considered the submissions of the parties, finds that Defendants' motion should be granted but that Plaintiff should be given an opportunity to seek leave to amend through a formal motion.

I.      Facts and Procedural History

According to her Complaint, on February 6, 2014, Plaintiff Marva McKinley contacted the Jackson Police Department ("JPD") to report a burglary of her home. JPD dispatched Officer Johnny Burse to investigate. During the search, Burse purportedly pressed his genitals against McKinley's buttocks twice, looked down her blouse, and inquired as to whether she was married and if her husband was out of town. Compl. [1] at 5. McKinley filed a complaint with the

Internal Affairs Division of JPD.  Following an investigation, the Internal Affairs Division advised McKinley that "Officer Johnny Burse was found to have violated departmental policy and procedures and the appropriate disciplinary action was take."  Compl. [1], Ex. B [1-3] (Letter).

Aggrieved by Burse's conduct, McKinley filed the instant suit against Burse, the Mayor, the City of Jackson, and JPD.  In Count One, titled "42 U.S.C. § 1983 - Municipal Liability," she alleges that Defendants acted under color of law to violate her Fourth Amendment rights to be free from unreasonable searches and seizures.  Compl. [1] at 6.  The remainder of her Complaint asserts state-law claims, including negligence, gross negligence, "reckless disregard," "respondeat superior," and intentional and negligent infliction of emotional distress.  *Id*. at 7  12.

The City of Jackson Defendants have now moved to dismiss McKinley's § 1983 claims for failure to meet the requisite elements for municipal liability.  Their motion does not address McKinley's state-law claims or her § 1983 claim against Burse in his individual capacity.

II.     Analysis

   A.     Rule 12(b)(6)

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

B. Municipal Liability

Municipalities are subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Municipal liability under § 1983 requires proof of 1) a policymaker; 2) an official policy; and 3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

Contrary to Plaintiff's arguments, "[m]unicipal liability cannot be sustained under a theory of respondeat superior." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).  Rather, the unconstitutional conduct "must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* (internal citations and quotations omitted).

Looking to Count One, McKinley has not alleged facts to support municipal liability; she has merely alleged an isolated unconstitutional act by Burse while acting within the course and scope of his employment. As the City of Jackson Defendants point out, McKinley has not identified an official policy or unofficial custom which is the moving force behind the constitutional violation. Quite the opposite, McKinley relies on an Internal Affairs finding that Burse *violated* JPD policies and procedures. Accordingly, McKinley's § 1983 claims against the Mayor, the City of Jackson, and the Jackson Police Department are dismissed.[1]

McKinley's § 1983 claim against Burse in his official capacity is likewise deficient because it is actually a claim against the City. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) (noting "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office") (internal quotation omitted).

Of course, McKinley's § 1983 claim against Burse in his individual capacity — the proper vehicle to "impose personal liability upon a government official for actions he takes under color of state law" — is not the subject of the instant motion and survives. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Finally, McKinley's state-law claims against all Defendants remain pending.

---

[1] Defendants also submit that McKinley has not identified a policymaker. In her Response, McKinley states "[t]he Complaint clearly identifies a policymaker." Pl.'s Resp. [12] at 4. But she does not name a specific individual either in her Complaint or her Response. Even assuming that she contends that Defendant Mayor Tony Yarber is the "policymaker," she has still failed to identify a policy or custom that is the moving force behind the constitutional violation.

4

C.     McKinley's Request to Amend the Complaint

McKinley advanced a one-sentence request to amend her Complaint in her Response, but failed to present grounds for the amendment or specify how any proposed amendment would support municipal liability. Typically, such a request would be ignored because it was not made in a separate motion. *See* L. U. Civ. R. 7(b)(3)(C). But the Fifth Circuit has stated that "[a] formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (citing Fed. R. Civ. P. 7(b)(1), 15(a); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 46 (9th Cir. 1990)).

Even under this standard, McKinley's request remains insufficient. "A bare request in an opposition to a motion to dismiss   without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)   does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)) (internal quotations omitted).

Accordingly, McKinley's "bare request" is denied without prejudice. *Cf. Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) ("[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." (Citation omitted)). If she wishes to pursue municipal liability, she may file a properly supported motion to amend her Complaint   including a proposed Amended Complaint   for consideration within 14 days of this Order.[2]

---

[2]Plaintiff is cautioned that conclusory assertions are not sufficient. *See Ashcroft*, 556 U.S. at 678 79. To present a non-futile motion seeking leave to amend, McKinley will need to aver enough factual content to create a reasonable inference as to each element of municipal liability.

III.     Conclusion

The Court has considered all arguments advanced by the parties, and those not specifically addressed would not have changed the outcome.

Based on the foregoing, Defendants' motion for partial dismissal is granted. Plaintiff's § 1983 claims against Defendants Tony T. Yarber, in his official capacity as the Mayor of the City of Jackson; the City of Jackson Police Department; the City of Jackson, Mississippi; and Johnny Burse, in his official capacity are dismissed without prejudice. Plaintiff is given 14 days to file a proper motion seeking leave to amend.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2015.

        s/ *Daniel P. Jordan III*
        UNITED STATES DISTRICT JUDGE

---

*Id.* In other words, she must present a facially plausible claim of municipal liability in her proposed Amended Complaint. *Id.* And that claim cannot be premised on respondent superior. *Monell*, 436 U.S. at 691.